Ella M. SIMMONS, a/k/a/ Janice Simmons, Individually
and as Administratrix of the Estate of H. B. Hummel *v.*
Lois BUCHANAN

CA 90-178                                        803 S.W.2d 950

Court of Appeals of Arkansas
Division I
Opinion delivered March 6, 1991

*Phillip A. Moon*, for appellant.

*Jeff R. Conner*, for appellee.

ELIZABETH W. DANIELSON, Judge. This appeal involves the validity and effective delivery of a warranty deed signed by the grantor, H.B. Hummel, which had not been notarized or acknowledged prior to his death and was found in his safe after his death. The deed conveyed certain property to his sisters, Dott Lewis and Lois Buchanan, and reserved a life estate in the grantor. Dott Lewis died prior to the scheduled trial date below and is not a party to this appeal.

Appellee, Lois Buchanan, brought an action seeking to quiet title to the property and reformation of the property description in the deed. Appellant, Janice Simmons, individually and as administratrix of the estate of H.B. Hummel, brought a counterclaim to have title to the property vested in her. The trial court found the deed was effectively delivered to the appellee and granted reformation of the deed to reflect the correct legal description of the property. We affirm.

Appellee testified that the grantor had on previous occasions discussed his intention of leaving his farm to her and their sister Dott. According to appellee, in late April of 1987, the grantor handed her a deed to the farm, saying it was "a passing of hands to make it legal." The deed was then placed in the safe in the grantor's home. Appellee also testified that the grantor told her the location of the combination to this safe and instructed her to record the deed if anything happened to him.

The evening of the grantor's death, appellee located the combination to the safe and unsuccessfully tried to open it. The next day a locksmith was employed and, using the combination appellee gave him, opened the safe. The day after that, appellee attempted to record the deed but could not because the notary's seal had not been affixed. She testified that the clerk helped her decipher the name signed on the notary public line as that of Charles E. Davis, an attorney. Appellee says she took the deed to Mr. Davis's office and, when told Mr. Davis was not in, left it there. When she returned later that day, she was given the

properly sealed deed. Appellee testified that she did not see Mr. Davis on either of her visits to his office that day. Appellant proffered testimony by Mr. Davis that he did meet with appellee, that he had not previously signed or dated the deed, but that he did so that day at her request.

After appellee retrieved the deed from the attorney's office, she properly recorded it. She subsequently filed a petition to quiet title, and, after discovering an error in the legal description of the property (Range 32 had been inserted in the property description rather than Range 29), filed an amended petition for reformation.

Appellant contends there was no effective delivery since the deed was found in the grantor's safe after his death. Although it must ordinarily be shown that a grantor relinquished dominion and control over the instrument, where the language of the deed reserves a life estate in the grantor, different rules apply. The fact that a deed is found among the effects of the grantor at his death raises no presumption against delivery if the grantor has reserved an interest in the property and therefore has an interest in the preservation of the deed. *Cribbs* v. *Walker*, 74 Ark. 104, 85 S.W. 244 (1905). Since H. B. Hummel had the intention of retaining possession of the property until his death, he had the right to retain the deed to effectuate this purpose. The failure to have the deed recorded was not fatal to the delivery, nor did the continued possession and control by the grantor nullify the apparent intention of delivery. *Johnson* v. *Young Men's Bldg. & Loan Ass'n*, 187 Ark. 430, 60 S.W.2d 925 (1933).

There was conflicting testimony as to whether the grantor had intended his sisters or his daughter to have the property in question. There is also conflicting testimony as to whether the deed was executed prior to the grantor's death. It is the province of the trier of fact to determine the credibility of witnesses and resolve conflicting testimony, *Jones* v. *Jones*, 29 Ark. App. 133, 777 S.W.2d 873 (1989), and we cannot say the chancellor's finding that there was an effective delivery of the deed was clearly erroneous.

Appellant's second contention is that the testimony of the attorney regarding the notarization and acknowledgment of the deed was relevant to establish the grantor's lack of intent to pass title to the property and should have been admitted. An

unacknowledged deed, if otherwise valid, passes title as between the parties. *Grimmett* v. *Estate of Beasley*, 29 Ark. App. 88, 777 S.W.2d 588 (1989). The trial court was not clearly erroneous in finding that the testimony of the attorney was immaterial.

■ Appellant also contends that appellee failed to establish a basis for reformation of the legal description in the deed. The chancellor found that H.B. Hummel intended to deed the property in question to his sisters and that he owned no property in Range 32 that could be confused with the property involved here. The chancellor's finding that the discrepancy in the range number was a scrivener's error and the description in the deed should be reformed was not clearly erroneous.

Affirmed.

MAYFIELD and ROGERS, JJ., agree.