This is a petition for a writ of certiorari to the Court of Criminal Appeals in the first degree murder conviction of Walter Fields, Jr. We reverse.
Walter Fields was indicted May 13, 1977, for the murder of Ervin Smith. His trial for first degree murder began January 17, 1978, and he entered pleas of not guilty and not guilty by reason of insanity. At trial, defense counsel called Sgt. Albert Wallace of the Birmingham Police Dept. to testify about a statement made by Fields one hour after he was arrested and eight hours after the incident. The sergeant was present when the statement was made and had an original or a copy of the statement as transcribed with him at trial. He was heard initially out of the presence of the jury on voir dire. The defense attorney asked Sgt. Wallace to read the statement during the voir dire. The State objected on the ground a proper predicate had not been *Page 599 
shown. Defense counsel argued that the statement was a part of the res gestae and insanity was at issue. The trial judge disallowed the statement. Defense counsel then attempted to make an offer of proof concerning the statement, requesting that the statement be read into the record out of the hearing of the jury. The State objected. The trial judge sustained the objection, disallowing the offer of proof. The jury subsequently found Fields guilty of first degree murder and punishment was fixed at life imprisonment. Fields appealed. The Court of Criminal Appeals affirmed without opinion. In this case we review because of the constitutional issue.
Fields asserts in his petition for certiorari that affirmance of the trial court's conviction was error because the trial judge refused to allow defense counsel to make an offer of proof out of the hearing of the jury concerning a conversation Sgt. Wallace had with Fields shortly after the crime was committed, where Fields had pleaded not guilty by reason of insanity and refused to allow into evidence the statement made by Fields to Sgt. Wallace where Fields had interposed an insanity plea.
As a general proposition, the party asking a question to which an objection has been sustained must be given the opportunity to make an offer of proof stating the answer expected to be given. C. Gamble, McElroy's Alabama Evidence § 425.01 (2) (3rd ed. 1977).
In White v. State, 48 Ala. App. 111, 262 So.2d 313 (1972) the Court of Criminal Appeals reaffirmed as the rule governing cases such as this, the following language in Sellers v. State,7 Ala. App. 78, 61 So. 485 (1919) (citations omitted):
 "It is further settled that on appeal, when error is predicated upon an exception to the action of the trial court in sustaining an objection by the other party to questions propounded to a witness, the trial court will not be put in error, unless it appears that it was made known to [the] court what testimony it was expected to elicit by the question, and unless it further appears that it was material to the issues in the case. . . . Here we do not know what answer the witness would have given to the question, and cannot say, therefore, whether it would be material to the issue; but our lack of information is not due to any failure or neglect on the part of defendant's counsel to attempt, by established methods, to properly inform us and the court below, but to the action of the trial court in refusing to permit him to do so. In this the court was in error. The Constitution guarantees to the accused the right to be heard by himself and counsel, or either. If the court feared that a statement from defendant's counsel as to what he expected to prove by the witness might improperly prejudice the jury, the court should have had the jury to retire, pending the hearing; but certainly the court should not have foreclosed the defendant's counsel of his right to be heard, and thereby rendered it impossible for a reviewing court to pass on the relevancy and competency of the testimony he offers to produce." (Emphasis added.)
Because Fields was denied the opportunity to make an offer of proof concerning his statement to Sgt. Wallace, reversible error was committed below, and thus the refusal to allow the statement into evidence need not be considered.
REVERSED AND REMANDED.
TORBERT, C.J., and BLOODWORTH, JONES, ALMON, EMBRY and BEATTY, JJ., concur.
MADDOX, J., dissents.
SHORES, J., not sitting.