ST. VINCENT INFIRMARY et al
*v.* Deborah A. CARPENTER

CA 79-369                                       597 S.W. 2d 126

Court of Appeals of Arkansas
Opinion delivered April 2, 1980
Released for publication April 23, 1980

952

*Barber, McCaskill, Amsler, Jones & Hale,* for appellants.

*McHenry, Skipper & Choate,* for appellee.

ERNIE E. WRIGHT, Chief Judge. This is an appeal by the respondents from a decision of the Workers' Compensation Commission awarding benefits to the appellee.

For reversal appellant contends there is no substantial evidence to support the Commission's finding the claimant suffered an injury arising out of the course of her employment with respondent, and that the Commission erred in failing to find as to when, where and how the injury occurred.

Appellee testified she was twenty-five years of age, is a registered nurse and is employed by St. Vincent Infirmary in orthopedic surgery and at times in eye surgery. Her duties include lifting patients from operating tables and stretchers, holding legs and arms, and lifting and carrying heavy pans of instruments. At times holding of arms or legs involves an uncomfortable position that must be maintained for quite some period of time. The work involves heavy lifting. She experienced no physical problem in her work until the late summer or fall of 1978 when she woke up one morning with pain in her right buttock and leg. This lasted about 24 hours and she received no medical treatment for the condition. On January 11, 1979, she woke up with pain in her right buttock and leg. The weekend before January 11 she was on weekend duty. She worked about seven hours straight on Saturday evening, and about fourteen hours straight on Sunday. By the end of the day Sunday she was experiencing considerable pain in her legs. She had no history of back problems prior to going to work for the respondent in April, 1978. She was

treated by Dr. Lipke, and on his recommendation, she took leave from work for a week. She returned to work after the week off and worked through February 22, 1979. She continued to have pain in her leg, her back was hurting, she had muscle spasms and experienced numbness. Dr. Lipke hospitalized her from February 23 to March 9. She received physical therapy and had a myelogram. She was again hospitalized March 30, and after further tests had herniated disc surgery. After leaving the hospital April 17, she convalesced until June 11, 1979, when she returned to work for the respondent and was assigned to light duty.

The claimant was frank to state she did not know just when or how the injury to her back occurred. At Dr. Lipke's suggestion she made an incident report to her employer on January 22, 1979, as Dr. Lipke was of the opinion her condition was job related. In her claim for compensation she stated the cause of injury to be "general lifting and bending activities as a surgical nurse."

The matter of other possible activities or injuries that might account for the claimant's back condition were explored in the testimony, and there were no non-job activities or injuries revealed as a probable cause of the back problems.

There was other testimony that some of the surgical instrument trays handled by the nurses in orthopedic surgery weighed 32 pounds, and that the nurses do have to lift the patients especially after surgery. There was also other testimony that nurses' duties in orthopedic surgery involve strenuous physical work.

The claimant's aunt testified she had occasion to talk to the claimant by telephone on the Sunday night before January 11, and that the claimant was complaining of being tired from being on her feet eleven or twelve hours straight at work that day.

Reports of Dr. Lipke, an orthopedic surgeon, were received in evidence. He states the claimant gave a history of onset of an acute back pain radiating into her right leg on the morning of January 11. His examination on that day revealed

considerable ·limitation of the lumbar spine as well as a positive straight leg raising test on the right and the contralateral left side. It was his opinion she had sustained an acute herniated nucleus pulposus. He prescribed medications and limited activities. It was his feeling the injury was secondary to her work, which requires lifting patients on and off · the operating table and supporting extremities prior to and during surgery. He could not imagine the claimant sustained an acute herniated nucleus pulposus while asleep. Her condition deteriorated, and she eventually required surgery. The surgery was apparently successful and appellee was able to return to light duty.

In his last report dated June 8, 1979, Dr. Lipke .expressed the opinion the claimant has sustained a 15% permanent partial impairment to the body as a whole, and characterized her injury as job related. As an orthopedic surgeon he was acquainted with the nature of the duties of a nurse assigned to orthopedic surgery, and as the treating physician, he had the benefit of the patient's history.

From a review of the record we conclude there is substantial evidence to support the Commission's opinion· adopting the administrative law judge's finding the claimant sustained an accidental injury in the course of her employment with respondent on or about January 11, 1979, resulting in temporary total disability and in permanent partial disability of 15% to the body as a whole. As the finding is supported by substantial evidence, the rule is well settled that on appeal from the finding we affirm. *Reynolds Metals Co.* v. *Cain,* 243 Ark. 483, 420 S.W. 2d 872 (1967).

The respondents, in a motion to reconsider, requested the Commission to make specific findings of fact as to the date the claimant sustained a compensable injury and to set forth the basis for·said finding as to when, how and where the injury occurred. The motion to reconsider was denied, and appellants contend the Commission erred in not making the specific findings. The opinion of the administrative law judge was adopted by the Commission, and it reflects a finding claimant sustained an accidental injury on or about January 11, 1979, arising out of and in the course of her employment.

The Commission did not err in denying respondents' motion to reconsider and to make more specific findings.

The Arkansas case law has long upheld the compensability of gradual injuries which arise out of and in the course of employment. In *W. Stanhouse & Sons, Inc.* v. *Simms,* 224 Ark. 86, 272 S.W. 2d 68 (1954), the Supreme Court said:

> We have long adhered to the rule that an accidental injury may stem not only from a specific incident or a single impact, but also may result by a continuation of irritation upon some part of the body. — Neither do we require the injured workman to make inescapable proof that said accidental injury occurred on a date certain. A reasonably definite time is all that is required.

Affirmed.