Forrest E. WHITE *v.* LAIR OIL COMPANY,
FEDERATED MUTUAL INSURANCE COMPANY, and
SECOND INJURY FUND

CA 86-242                                     725 S.W.2d 10

Court of Appeals of Arkansas
Division II
Opinion delivered March 4, 1987

*Martin Law Firm, P.A.*, by: *Thomas A. Martin*, for appellant.

*Walker & Campbell Law Firm*, by: *Gail Inman Campbell*, for appellee.

BETH GLADDEN COULSON, Judge. Appellant argues a single point for reversal in this appeal from an order of the Workers' Compensation Commission. Upon our review of the record, we find error on the Commission's part, and we therefore reverse its decision.

The record reveals that appellant, Forrest E. White, sustained a compensable injury while working for appellee Lair Oil Company on November 17, 1983. Two chiropractors—Dr. Butler, whom appellant had selected, and Dr. Conners, whom appellee Lair Oil had selected—saw him and recommended the services of Dr. John L. K. Tsang, a neurosurgeon in Springfield, Missouri. Dr. Tsang operated on appellant in December, 1983, and March, 1984.

In the latter part of March, 1984, appellant suffered painful muscle spasms in his lower back and left leg. Appellant's wife testified that when she phoned Dr. Tsang for assistance, he scolded her for disturbing him at home at 8:00 p.m., despite the fact that he had instructed appellant to call him at any time should he develop complications. Failing to obtain Dr. Tsang's assistance, appellant's wife took her husband to the emergency room at the hospital in Harrison, Arkansas, where he was treated by Dr. Geoffrey Dunaway, appellant's family physician.

On April 19, 1984, after his release from the hospital, Dr. Dunaway referred appellant to Dr. Jorge Johnson, a neurologist in Fayetteville, Arkansas. Appellant was given an appointment for an office visit on May 1, 1984. According to Dr. Johnson's records, appellant's treatment began in June, 1984. He was hospitalized in August, 1984, and underwent surgery. Appellee carrier refused to pay Dr. Johnson's charges, contending that the referral by Dr. Dunaway was an unauthorized change of physician under Ark. Stat. Ann. § 81-1311 (Supp. 1985).

A hearing was held on September 25, 1985, and the administrative law judge found Dr. Johnson's treatment to be reasonable and necessary under the circumstances and appellees responsible for the outstanding medical charges. The law judge held that a proper referral had been made by Dr. Dunaway, who had followed appellant through the course of his unsuccessful treatment by other physicians. The Workers' Compensation Commission, in an order filed April 10, 1986, ruled that the administrative law judge had misapplied the law. In reversing his decision, the Commission stated that the treatment appellant received from Dr. Johnson was neither authorized nor approved and that appellees bore no responsibility for Dr. Johnson's charges. From that decision, this appeal arises.

Appellant's sole argument for reversal is that the Commission erred in finding that he did not comply with the requirements of Ark. Stat. Ann. § 81-1311 (Supp. 1985). He contends that his treatment by Dr. Johnson was not, properly speaking, a change of physician but was instead merely a referral by his treating physician, under whose care he remained.

We agree. When Dr. Tsang refused to assist appellant when emergency services were required, he effectively released his patient from his care. At that point, Dr. Dunaway stepped into Dr. Tsang's shoes and became appellant's treating physician. Because the change was not of appellant's seeking but was instead prompted by exigent circumstances, we cannot conceive that a reasonable mind could reach the conclusion that a change of physician had occurred. For all practical purposes, then, a continuum of treatment was administered to appellant under two doctors whose services could be said to have been merged as those of one.

In *Universal Underwriters Insurance Co.* v. *Bussey*, 17 Ark. App. 47, 703 S.W.2d 459 (1986), we declined to adopt a strict construction of the term "emergency treatment" that would entail only a life-threatening situation, and we upheld the award of medical expenses to a second physician who admitted the claimant to a hospital and performed surgery upon him several days later. There has been no dispute in the present case regarding whether the treatment appellant received from Dr. Dunaway could be characterized as "emergency." Once it has been determined that, by virtue of the emergency, Dr. Dunaway also assumed the role of appellant's treating physician, the question then to be resolved is whether the engagement of Dr. Johnson was a change of physician or a referral.

We held in *Electro-Air* v. *Villines*, 16 Ark. App. 102, 697 S.W.2d 932 (1985), that a referral had indeed occurred where the evidence showed that a claimant's treating physician had referred her to a psychiatrist, despite the fact that the Commission had improperly labeled it a change of physician, and we affirmed the Commission's approval of the referral. In the present case we are confronted by an almost identical situation—a treating physician referring his patient to a specialist. Thus, the Commission was in error to rule that appellant had made a change of physician.

We reverse and remand this matter to the Commission for further proceedings not inconsistent with this opinion.

Reversed and remanded.

MAYFIELD and COOPER, JJ., agree.