Donna JONES *v.* Wayne A. JONES

CA 87-113                                     739 S.W.2d 171

Court of Appeals of Arkansas
Division I
Opinion delivered November 11, 1987
[Rehearing denied December 9, 1987.]

*Peel, Eddy & Gibbons*, by: *Richard L. Peel*, for appellant.

*Mobley & Smith*, by: *William F. Smith*, for appellee.

JOHN E. JENNINGS, Judge. This is a divorce case. Appellant, Donna Jones, and appellee, Wayne Jones, were married in 1961. They had one child, a daughter, who is now grown.

The parties lived in Russellville in Pope County until they separated in May, 1986, when appellee moved to Dardanelle in Yell County and sued for divorce.

At the trial both grounds and property rights were contested and appellant sought to establish the defense of recrimination. The chancellor granted the divorce to appellee and divided the parties' property. On appeal to this court, appellant raises seven issues. Although we affirm the trial court's award of a divorce to the appellee, we find that one argument requires that this case be reversed in part.

Appellee is a certified public accountant and owns one-third of the stock in the accounting firm of Jones, Rose and Lawton, P.A., in Russellville. One of the issues at trial was the value of appellee's interest in the corporation. The stockholders had a buy-sell agreement which valued each one-third interest at $30,000.00. There was also evidence that in early 1986, the most recently added partner, Mr. Lawton, bought into the corporation for $30,000.00. The chancellor found the value of appellee's

interest to be $30.000.00.

In cross-examining Winfred Rose, appellee's partner in the accounting firm, the appellant asked Rose if he would vote to sell the accounting business for $90,000.00. The court sustained appellee's objection to this question. The court then refused to permit appellant to proffer into the record the anticipated answer. Later, in examining a former partner, John Shoptaw, appellant asked how Shoptaw valued the accounting practice for purposes of sale. Again an objection was sustained, and again the court declined to permit a proffer.

The proffering of evidence is governed by Rule 103 of the Arkansas Rules of Evidence. The rule states, in part:

> (a) Effect of Erroneous Ruling. Error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected, and
>
> (1) Objection. In case the ruling is one admitting evidence, a timely objection or motion to strike appears of record, stating the specific ground of objection, if the specific ground was not apparent from the context; or
>
> (2) Offer of proof. In case the ruling is one excluding evidence, the substance of the evidence was made known to the court by offer or was apparent from the context within which questions were asked.
>
> (b) Record of Offer and Ruling. The court may add any other or further statement which shows the character of the evidence, the form in which it was offered, the objection made, and the ruling thereon. It may direct the making of an offer in question and answer form.
>
> . . .

Although the issue apparently has never arisen in this state, courts generally have held that it is error to refuse counsel the right to make a proffer of evidence excluded by the court. *State* v. *Shaw*, 90 N.M. 540, 565 P.2d 1057 (1977); *State* v. *Davis*, 155 Me. 430, 156 A.2d 393 (1959); *Ex parte Fields*, 382 So. 2d 598 (Ala. 1980); *Hendrix* v. *Byers Bldg. Supply, Inc.*, 167 Ga. App. 878, 307 S.E.2d 759 (1983). In *State* v. *Shaw*, an objection on grounds of relevancy was sustained, after which the

trial court refused to permit the defendant to proffer the excluded evidence. The New Mexico court held that the right to proffer evidence which has been excluded by ruling of the court is almost absolute. The court said:

> Why is a tender of proof required? One reason is to advise the trial court of the nature of the evidence so that the trial court can intelligently consider it. . . .
>
> Another reason is to have the excluded evidence in the record for purposes of appellate review. If a trial court can arbitrarily deny to counsel the right to dictate into the record their offer of proof, he can prevent any consideration upon appeal as to the correctness of his own ruling as to the exclusion of certain evidence. It is obvious that this cannot be the law. (Citations omitted.)

The trial court may certainly maintain control of the proceedings. A.R.E. Rule 103 specifically provides that the trial court may control the form of the proffer. He may also decide when the proffer is to be made. There may be circumstances in which the trial court is justified in rejecting a proffer. The examples given by the New Mexico court are where the request to tender proof is untimely or where the tendered proof is clearly repetitious. Neither of these possible exceptions is applicable here. In the case at bar we are fully persuaded it was error to refuse to permit the appellant to make a proffer. Because the refusal to permit a proffer has left us with no record upon which to decide this issue *de novo* we must return this part of the case (*i.e.*, the matter of valuing and distributing appellee's interest in the accounting firm) to the trial court for retrial. And because this issue must be retried we are obliged to note that we believe the evidence was relevant.

Appellant also argues that the court erred in restricting his cross-examination of appellee's witnesses, but this is clearly another facet of his first argument which, as we have already said, requires reversal.

On the morning of trial, the appellant moved for a continuance. She argued that she was not prepared for trial due to a recent change in lawyers and that three witnesses were not available for a variety of reasons. The testimony of the absent

witnesses related to her defense of recrimination. The trial court denied the motion, noting that the case had been continued previously. The decision to grant or deny a continuance is entrusted to the sound discretion of the trial court. *Rawhide Farms, Inc.* v. *Darby*, 267 Ark. 776, 589 S.W.2d 210 (1979). We do not overturn that decision on appeal unless the trial court has manifestly abused that discretion. *Johnson* v. *Coleman*, 4 Ark. App. 58, 627 S.W.2d 565 (1982). There are a number of good reasons for these rules. One is that the decision may be based, in part, on matters which do not fully appear of record, such as the status of the court's docket, its upcoming trial schedule, and the procedural history of the case. After giving consideration to the expected testimony of the witnesses, the reasons for their unavailability, and the testimony of the available witnesses, we are unable to say that the court manifestly abused its discretion in refusing to grant appellant a continuance.

Appellant next argues that the court erred in finding that appellee had proved general indignities as grounds for divorce. Although the testimony was in conflict, there was evidence which, if believed, would support a finding that appellant was guilty of studied neglect, rudeness, verbal abuse, and public insult, so continuously pursued as to create that intolerable condition contemplated by the statute. *See Pomraning* v. *Pomraning*, 13 Ark. App. 258, 682 S.W.2d 775 (1985).

In *Sowards* v. *Sowards*, 243 Ark. 821, 422 S.W.2d 693 (1968), a case which bears some factual similarity to the case at bar, the supreme court said:

> In any event, the chancellor was in a position to observe the demeanor of the parties and the witnesses as they testified, and was in a better position to weigh and evaluate the testimony and therefore in a better position than we are to determine what does or does not constitute such indignities between these particular parties in this particular case as to render the marriage between them intolerable to one of them.

We cannot say that the chancellor's finding that general indignities were proved is clearly against the preponderance of the evidence.

Appellant argues that the chancellor's division of the parties' property was clearly erroneous. Because this issue relates to the chancellor's division of appellee's interest in the accounting firm, an issue which must be retried, we need not decide it.

■■ Appellant also argues that the trial court erred in not awarding her alimony. Alimony is an effort, insofar as is reasonably possible, to rectify the economic imbalance in the earning power and standard of living of the divorced husband and wife, and the amount awarded must depend on the facts of each case. *See Russell* v. *Russell*, 275 Ark. 193, 628 S.W.2d 315 (1982). The need of the spouse seeking alimony and the ability of the other spouse to pay it are the primary factors to be considered in awarding alimony. *See Boyles* v. *Boyles*, 268 Ark. 120, 594 S.W.2d 17 (1980); *Sutton* v. *Sutton*, 266 Ark. 451, 587 S.W.2d 67 (1979); *Raney* v. *Raney*, 262 Ark. 747, 561 S.W.2d 287 (1978). The relative fault of the parties is no longer a factor unless it meaningfully relates to need or ability to pay. *Russell, supra.* The award of alimony is a question which addresses itself to the sound discretion of the chancellor, and we do not reverse the chancellor's determination unless we find a clear abuse of that discretion. *Bohannon* v. *Bohannon*, 12 Ark. App. 296, 675 S.W.2d 850 (1984). Appellant notes the length of the marriage and the difference between the parties' recent income. On the other hand, the appellee argues that after the payment of set expenses there is no money left with which to pay alimony. He also notes that appellant is a licensed real estate agent and that she received a substantial award of property in the decree. We cannot say that on the facts of this case the denial of alimony was a clear abuse of the court's discretion.

■ Finally, appellant argues that the court erred in denying her claim for attorney's fees. Again, this is a matter left to the sound discretion of the chancellor. *Paulson* v. *Paulson*, 8 Ark. App. 306, 652 S.W.2d 46 (1983). We reverse the chancellor's decision in awarding attorney's fees only where there has been a clear abuse of his discretion. *Speer* v. *Speer*, 18 Ark. App. 186, 712 S.W.2d 659 (1986). Although the appellant vigorously contested this divorce action, the appellee prevailed. We find no abuse of discretion in the court's declining to award her attorney's fees.

For the reasons stated, this case is reversed in part and remanded to the trial court with directions to retry the issues of the valuation and distribution of appellee's interest in the accounting firm. In all other respects the decision of the chancellor is affirmed.

Affirmed in part, reversed in part and remanded.

CORBIN, C.J., and COULSON, J., agree.