Mike MARCOE *v.* BELL INTERNATIONAL

CA 93-1379                                     888 S.W.2d 663

Court of Appeals of Arkansas
En Banc
Opinion delivered December 14, 1994

*David H. McCormick*, for appellant.

*Rieves and Mayton*, by: *William J. Stanley*, for appellee.

JAMES R. COOPER, Judge. The appellant in this workers' compensation case filed a claim for temporary total disability and medical benefits alleging that he sustained a compensable injury in the course and scope of his employment as a diesel mechanic for the appellee, Bell International. After a hearing, the administrative law judge found that the appellant failed to prove that he sustained a compensable injury. On appeal to the full Commission, the decision of the administrative law judge was adopted as the decision of the Commission. From that decision, comes this appeal.

For reversal, the appellant contends that the Commission erred in finding that he failed to prove that he sustained a compensable injury in the course and scope of his employment. We agree, and we reverse and remand.

In determining the sufficiency of the evidence to sustain the findings of the Workers' Compensation Commission, we review the evidence in the light most favorable to the Commission's findings and affirm if they are supported by substantial evidence. *Grimes* v. *North American Foundry*, 42 Ark. App. 137, 856 S.W.2d 309 (1993). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *City of Fort Smith* v. *Brooks*, 40 Ark. App. 120, 842 S.W.2d 463 (1992). In cases where a claim is denied because a claimant fails to show entitlement to compensation by a preponderance of the evidence, the substantial evidence standard of review requires that we affirm if a substantial basis for the denial of relief is displayed by the Commission's opinion. *Williams* v. *Arkansas Oak Flooring Co.*, 267 Ark. 810, 590 S.W.2d 328 (Ark. App. 1979).

The opinion of the administrative law judge, which was adopted by the Commission as its own, noted that the appellant sought medical treatment after experiencing shoulder pain at work on March 1, 1992. The appellant's condition worsened, and he underwent surgery for a cervical disc herniation on July

24, 1992. The opinion further noted that the appellant's duties as a mechanic required lifting, extension of the arms, and torquing ability. The appellant's supervisor testified that diesel mechanic work requires lifting heavy weights and assuming awkward positions in order to work on trucks. The appellant testified that he injured his left shoulder while lifting weights as a teenager. The opinion noted that the injury for which the appellant sought compensation was to his right shoulder, that the appellant's medical reports show no history of an injury to the right shoulder, that the appellant complained about pain at work, and that the appellant attributed the injury to his job since he did not injure himself through sports, hobbies, or personal accidents. The opinion further noted that the appellant's supervisor testified that the appellant never reported a specific work-related accident, so the appellant's medical bills were submitted to Blue Cross-Blue Shield.

Although the Commission made an express finding that the appellant's testimony was candid, benefits were denied on the ground that the appellant failed to meet his burden of proof. That conclusion was based on the following statement of the law:

> While the claimant is not expected to diagnose the etiology of their [sic] injury, (relating arm pain to a cervical disc), the Commission does expect the claimant to make a report of some traumatic incident or relate some job duties to the onset of gradually increasing symptoms in order to meet their burden of proof . . . .

However, the Commission's statement of the law is erroneous. As we noted in *St. Vincent Infirmary* v. *Carpenter*, 268 Ark. 951, 597 S.W.2d 126 (Ark. App. 1980), Arkansas law has long upheld the compensability of gradual injuries which arise out of and in the course of employment:

> We have long adhered to the rule that an accidental injury may stem not only from a specific incident or a single impact, but also may result by a continuation of irritation upon some part of the body. - Neither do we require the injured workman to make inescapable proof that said accidental injury occurred on a date certain. A reasonably definite time is all that is required.

*Id., citing W. Stanhouse & Sons, Inc.* v. *Simms*, 224 Ark. 86, 272 S.W.2d 68 (1954).

The testimony before the Commission in the case at bar was that the appellant never had problems with his right shoulder until he began experiencing pain at work in March 1992; that his employment required him to lift heavy weights while in awkward positions; that the appellant engaged in no other activities to which the pain could be attributed; and that the pain steadily increased until surgery was required. Given this testimony and the Commission's misstatement of the law, we conclude that the opinion of the Commission fails to display a substantial basis for the denial of relief. Therefore, we reverse and remand to the Commission for further proceedings consistent with this opinion.

Reversed and remanded.

JENNINGS, C.J., and PITTMAN, J., dissent.

JOHN MAUZY PITTMAN, Judge, dissenting. I respectfully dissent. I would affirm the Commission's decision to deny benefits because I think that there is substantial evidence to support the Commission's finding that appellant failed to show that he sustained an injury in the course and scope of his employment. While appellant was not required to show a specific incident or single impact to sustain his burden to establish a compensable injury, it was necessary for him to show at least a continuation of irritation upon some part of his body that developed gradually in the course and scope of his employment. *Lockeby* v. *Massey Pulpwood, Inc.*, 35 Ark. App. 108, 812 S.W.2d 700 (1991).

Appellant testified that he first noticed pain in his right shoulder in early March 1992. When he first received medical treatment from Dr. Stanley Bradley on March 9, 1992, he did not relate his injury to work. Appellant said that he first related his injury to work only after a diagnosis of a herniated disc was made on May 28, 1992. After surgery on the herniated disc, Dr. Robert D. Dickins, Jr. released appellant on September 21, 1992, to return to work as a diesel mechanic without any restrictions. None of the physicians who have treated appellant related his injury to his work. *See St. Vincent Infirmary* v. *Carpenter*, 268 Ark. 951, 597 S.W.2d 126 (1980). In fact, Dr. Dickins stated that

he believed appellant could return to work as a diesel mechanic.

Questions concerning the credibility of witnesses and the weight to be given to their testimony are within the exclusive province of the Commission. *Ark. Dep't of Health* v. *Williams*, 43 Ark. App. 169, 863 S.W.2d 583 (1993). I would affirm as there is substantial evidence to support the Commission's finding that appellant failed in his burden of proof.

JENNINGS, C.J., joins in this dissent.