W.W.C. BINGO *v.* Sandra ZWIERZYNSKI

CA 95-541 921 S.W.2d 954

Court of Appeals of Arkansas
Division II
Opinion delivered May 22, 1996

*Murrey L. Grider*, for appellant.

*John Bartlett*, for appellee.

MELVIN MAYFIELD, Judge. This is the second appeal in this workers' compensation case involving a claimant/appellee and an uninsured employer/appellant. In the first appeal the only issue was

compensability. The Commission had held that appellee had sustained a compensable injury and was entitled to workers' compensation benefits. We affirmed the Commission's decision. After another hearing the appellee was awarded temporary total disability benefits from July 11, 1991, through November 16, 1991, medical expenses, and attorney's fees. On appeal the appellant/employer argues:

> I. "WHETHER OR NOT THE APPELLEE SUFFERED AN INJURY TO THE EXTENT AND NATURE AS SHE CLAIMED."

> II. "THE COMMISSION ERRED IN UPHOLDING VARIOUS DISCOVERY AND EVIDENTIARY RULINGS BY THE ADMINISTRATIVE LAW JUDGE."

The appellee was injured while selling bingo cards on the floor of appellant's bingo parlor. On July 11, 1991, she was running from one side of the room to the other, and something slick on the floor caused her to fall. This injured her back and leg. At the second hearing the appellant contended, even though this court had said appellee sustained a compensable injury and was entitled to workers' compensation benefits, that appellee was entitled only to the medical expenses incurred at the emergency room on July 12, 1991, and that all other medical expenses after that date were not reasonable or necessary.

Medical records from St. Bernard's Regional Medical Center show that on July 12, 1991, appellee reported she had fallen at work the night before and injured her back and knee. X-rays were made on both of appellee's knees, her pelvis, and her lumbar spine. On July 16 a CT scan was performed and on July 20 an MRI was performed. All were essentially normal.

Dr. Steven C. Golden, appellee's family doctor, sent appellee to the Northeast Arkansas Rehabilitation Hospital for physical therapy, and after eleven sessions she was continuing to have significant discomfort but was discharged from physical therapy on September 23, 1991. On October 1, 1991, appellee was admitted to St. Bernard's Regional Medical Center for a lumbar myelogram and post-myelogram CT scan. They were both normal. Dr. Golden's office notes of October 15, 1991, state that appellee was to get a "facet joint injection on Friday at 11:30 by Dr. Tyrer at Methodist Hospital x-ray," and on October 21, 1991, the notes reveal that appellee

was to restart physical therapy, including the wearing of a TENS unit.

A letter to Dr. Golden from Dr. A. Roy Tyrer, Jr., a Memphis neurological surgeon, dated October 22 states:

> As you have requested, on October 18, 1991 this lady was given a right lower lumbar facet block at the L3-4, L4-5, and L5-S1 disc levels under x-ray localization at Methodist Hospital of Jonesboro on an outpatient basis.
>
> She tolerated the injection well. I am very hopeful it will help her chronic back and right leg symptoms.

Appellee began physical therapy again on October 28, 1991, had a second treatment on October 30, and did not return for further treatments. On November 26, 1991, Dr. Golden wrote a letter to appellee's attorney stating:

> Ms. Zwierzynski was in to see me on November 26, 1991. At that time she indicated she was doing well and not having pain at the present time. Her strengthening exercises have helped dramatically build the strength in her leg. She is now back to baseline, perhaps maybe even a little stronger than prior to her accident. She is looking forward to going back to work, and I have released her to do so.

■ Appellant's first argument challenges the sufficiency of the evidence. When reviewing a decision of the Workers' Compensation Commission, we view the evidence and all reasonable inferences deducible therefrom in the light most favorable to the findings of the Commission and affirm that decision if it is supported by substantial evidence. *Clark v. Peabody Testing Service*, 265 Ark. 489, 579 S.W.2d 360 (1979). The weight and credibility of the evidence is exclusively within the province of the Commission. *Morrow v. Mulberry Lumber*, 5 Ark. App. 260, 635 S.W.2d 283 (1982). The issue is not whether we might have reached a different result or whether the evidence would have supported a contrary finding; if reasonable minds could reach the Commission's conclusion, we must affirm its decision. *Bearden Lumber Company v. Bond*, 7 Ark. App. 65, 644 S.W.2d 321 (1983).

Appellant argues that "A lumbar strain should not generate any pain into the leg and any treatment for problems with [appellee's] leg should not be the responsibility of Appellant." Although appel-

lee testified she hurt her knees and back when she fell and that one time after her fall, she got out of her car and her right leg "gave out on" her, the medical evidence does not indicate appellee was receiving treatment solely for a leg injury. The physical therapy may have included some leg strengthening exercises but the main thrust of the treatment was for an injury to appellee's back.

Furthermore, Dr. Golden's medical records clearly document pain radiating into the leg from appellee's back injury. On July 15, August 5, September 30, and October 15, Dr. Golden's notes indicate that appellee was complaining of back pain and leg pain.

■ We think the medical records clearly support the Commission's findings that appellee suffered an injury to her back and legs when she fell on July 11, 1991; that her back pain radiated into both legs at one time or another; that the initial program of physical therapy afforded appellee no relief from the pain; that the facet joint injection relieved all of appellee's symptoms; and that she was released to return to work in November 1991, with no permanent impairment. Therefore, we affirm the Commission's holding that appellee is entitled to temporary, total disability benefits from July 11, 1991, through November 26, 1991.

■ The appellant also complains about certain evidentiary rulings made by the administrative law judge. One of appellee's relatives testified that another member of the family had told her that appellee was swimming and dancing the weekend after her injury. The law judge sustained a hearsay objection to this testimony and stated that he would not allow appellant to even proffer it since it was clearly hearsay. However, the testimony was not stricken from the record and, therefore, the proffer issue is moot. Moreover, the Commission has broad discretion with reference to the admission of evidence, *Linthicum* v. *Mar-Bar Shirt Co.*, 23 Ark. App. 26, 741 S.W.2d 275 (1987), and we find no abuse of discretion as to the ruling on the admission of this evidence.

The owner of the appellant W.W.C. Bingo attempted to introduce into evidence the affidavit of a man stating that the appellee had done housecleaning for him on November 14, 1991. This document was not allowed into evidence but it was proffered. Through the same witness, appellant also attempted to introduce three videotapes. One purportedly showed appellee cleaning a Western Sizzlin Steak House in January, 1992, and the witness said

she was present when it was taken. This videotape was introduced into evidence. The witness testified that the other two videotapes, which apparently contained statements by four people in appellee's family that discuss situations where appellee was working, were taken after the previous hearing. Appellant's counsel said he had attempted to subpoena these witnesses, but he was unable to locate them. The administrative law judge refused to allow appellant to even proffer these videotapes, stating, "I think even as a proffer it's improper."

 Appellant argues that although this evidence was hearsay, the rules of evidence do not apply to workers' compensation hearings, and that the videotapes showed how appellee was attempting to defraud the appellant and Commission, and would have attacked her credibility, citing *Davis* v. *C & M Tractor Co.*, 4 Ark. App. 34, 627 S.W.2d 561 (1982). As appellant correctly points out, even a trial court has very limited discretion in refusing to permit counsel to proffer evidence; its only discretion is in controlling the form of the proffer and the time at which it is to be made. *Sitz* v. *State*, 23 Ark. App. 126, 743 S.W.2d 18 (1988).

 This issue has been thoroughly discussed in the context of a chancery case. In *Jones* v. *Jones*, 22 Ark. App. 267, 739 S.W.2d 171 (1987), where a proffer of evidence had been refused, we said:

> Although the issue apparently has never arisen in this state, courts generally have held that it is error to refuse counsel the right to make a proffer of evidence excluded by the court. *State* v. *Shaw*, 90 N.M. 540, 565 P.2d 1057 (1977); *State* v. *Davis*, 155 Me. 430, 156 A.2d 393 (1959); *Ex parte Fields*, 382 So.2d 598 (Ala. 1980); *Hendrix* v. *Byers Bldg. Supply, Inc.*, 167 Ga. App. 878, 307 S.E.2d 759 (1983). In *State* v. *Shaw*, an objection on grounds of relevancy was sustained, after which the trial court refused to permit the defendant to proffer the excluded evidence. The New Mexico court held that the right to proffer evidence which has been excluded by ruling of the court is almost absolute. The court said:
>
> > Why is a tender of proof required? One reason is to advise the trial court of the nature of the evidence so that the trial court can intelligently consider it....

Another reason is to have the excluded evidence in the record for purposes of appellate review. If a trial court can arbitrarily deny to counsel the right to dictate into the record their offer of proof, he can prevent any consideration upon appeal as to the correctness of his own ruling as to the exclusion of certain evidence. It is obvious that this cannot be the law. (Citations omitted.)

The trial court may certainly maintain control of the proceedings. A.R.E. Rule 103 specifically provides that the trial court may control the form of the proffer. He may also decide when the proffer is to be made. There may be circumstances in which the trial court is justified in rejecting a proffer. The examples given by the New Mexico court are where the request to tender proof is untimely or where the tendered proof is clearly repetitious.

22 Ark. App. at 269-70, 739 S.W.2d at 172-73.

While we certainly cannot approve of the actions of the administrative law judge in denying the appellant the opportunity to proffer this evidence, we find several problems with the evidence which render this error harmless.

■■ First, the medical evidence in the record clearly supports the finding that appellee sustained a compensable injury for which she was entitled to compensation, and we do not believe that evidence that appellee had worked at times would nullify the medical evidence. Second, while appellant mentioned in its notice of appeal to the Commission that "the Administrative Law Judge did not consider all evidence presented by Respondent," the Commission's opinion does not mention this issue. It was the appellant's responsibility to obtain a ruling on this issue by the Commission, *Barnes* v. *Pearson Termite and Pest Control, Inc.*, 266 Ark. 635, 642-43, 587 S.W.2d 823, 827 (1979). A question not passed upon below presents no question for decision here. *North River Ins. Co. of New York* v. *Thompson*, 190 Ark. 843, 846, 81 S.W.2d 19, 20 (1935). And, finally, there was no authentication of these videotapes. It isn't clear who made the tapes, and, in fact, even the witness by whom appellant sought to introduce the tapes was not sure who the people were who were on the tapes. Under these circumstances, we cannot find that the exclusion of the tapes was reversible error.

Affirmed.

GRIFFEN, J., agrees.

PITTMAN, J., concurs.