## Debbie WHITE *v.* FROLIC FOOTWEAR

CA 96-1533                                      952 S.W.2d 190

Court of Appeals of Arkansas
En Banc
Opinion delivered October 1, 1997

*Anthony W. Bartels*, for appellant.

*Robert H. Montgomery*, for appellees.

JUDITH ROGERS, Judge. This is an appeal from the Workers' Compensation Commission's decision finding that appellant failed to prove that she sustained a compensable injury identifiable by time and place of occurrence. On appeal, appellant argues that there is no substantial evidence to support the Commission's decision. We disagree and affirm.

When reviewing a decision of the Workers' Compensation Commission, we view the evidence and all reasonable inferences deducible therefrom in the light most favorable to the findings of the Commission and affirm that decision if it is supported by substantial evidence. *W. W. C. Bingo v. Zwierzynski*, 53 Ark. App. 288, 921 S.W.2d 954 (1996). Where the Commission denies a claim because of the claimant's failure to meet her burden of proof, the substantial-evidence standard of review requires that we affirm the Commission's decision if its opinion displays a substantial basis for the denial of relief. *Johnson v. American Pulpwood Co.*, 38 Ark. App. 6, 826 S.W.2d 827 (1992).

The record indicates that appellant worked for appellee in July of 1993 as a spotter on a heel cover line. Appellant testified that she injured her foot in July of 1993, when she tripped over a rug and her foot bent back. She said that she reported the incident to her supervisor, and that she was seen by the company nurse who told her that it was not broken. Appellant also testified that she filled out an accident report.

However, there was no record that appellant had reported an injury or filled out an accident report. The company nurse testified that she did not remember seeing appellant in July of 1993. She said that there were no records, accident reports, or notations in appellant's entire medical history that relate to an injury in July 1993.

On October 26, 1993, appellant visited Dr. K.A. Carpenter. His notes reveal that appellant had swelling in her foot, and it was attributed to standing for eight hours. Also, Dr. Carpenter noted that appellant could not recall any recent trauma to her ankle. Dr. Carpenter attributed appellant's edema on her ankle to her chronic standing. On November 12, 1993, Dr. Carpenter recorded that appellant had fallen on Halloween night. He noted that she twisted and fell and now "[her ankle] bothers her again." On November 19, 1993, Dr. Carpenter was at a loss to explain why appellant was having problems, but concluded that appellant's fall on Halloween could be the cause of her problems. Also, the medical evidence reveals that appellant's five x-rays performed from October to the first of December did not reveal any deformities or fractures in relation to appellant's foot. On December 20, 1993, however, an x-ray revealed a healing fracture.

■ ■ The Commission found that there was "simply insufficient proof in this record to say that claimant proved by a preponderance of the credible evidence that she sustained an injury that is identifiable by time and place." The Commission further opined:

> The claimant's testimony and that of her husband is not sufficient to prove this claim. Claimant is unable to identify a specific time, date, place of occurrence or provide any credible evidence of the alleged specific incident. If an incident did occur, one would suspect that the claimant could at least say where it occurred. Thus, in our opinion, there is simply insufficient evidence that claimant's foot difficulties are causally related to any work-related injury. Additionally, there is testimony that claimant's injury could have occurred on another occasion. Although it is not respondent's burden to prove how claimant injured herself, there is plausible evidence that claimant injured her foot in October of 1993.

> Even if we were to give the claimant the benefit of the doubt and find that she sustained a specific incident in July of 1993, which we do not find, the claimant has failed to prove by a preponderance of the evidence objective medical findings establishing a compensable injury. Dr. Carpenter obviously felt that she injured herself on Halloween when she fell in a ditch. Claimant

did not offer even one medical opinion linking her foot problems to her alleged work-related incident.

The weight and credibility of the evidence is exclusively within the province of the Commission. *Gansky v. Hi-Tech Eng'g*, 325 Ark. 163, 924 S.W.2d 790 (1996). The issue is not whether we might have reached a different result or whether the evidence would have supported a contrary finding; if reasonable minds could reach the Commission's conclusion, we must affirm its decision. *Southern Steel & Wire v. Kahler*, 54 Ark. App. 376, 927 S.W.2d 822 (1996). It is clear from the Commission's opinion that it simply did not believe appellant's version of the events. We cannot say that there is no substantial basis to support the Commission's decision.

Affirmed.

PITTMAN, AREY, and NEAL, JJ., agree.

GRIFFEN and CRABTREE, JJ., dissent.

WENDELL L. GRIFFEN, Judge, dissenting. I dissent from the result announced in the majority opinion because I believe that the Workers' Compensation Commission's decision denying benefits in this case should be reversed and remanded. The Commission misapplied the temporal element of the accidental-injury standard of proof when it adopted the employer's contention that appellant failed to prove a specific incident identifiable by time and place of occurrence, because she could not specify the precise date and time that the injury occurred.

The Commission's construction of the temporal element of the accidental-injury burden of proof is inconsistent with past decisions, and it is unnecessarily restrictive. It has long been the law in Arkansas that injured workers are not required to make inescapable proof that an accidental injury occurred on a date certain. A reasonably definite time is all that is required. *W. Shanhouse & Sons, Inc. v. Sims*, 224 Ark. 86, 272 S.W.2d 68 (1954); *Murich-Jarvis Company, Inc. v. Townsend*, 209 Ark. 956, 193 S.W.2d 310 (1946); *Marcoe v. Bell International*, 48 Ark. App. 33, 888 S.W.2d 663 (1994). Appellant testified about where she was when injured, and she testified that her injury occurred during the

first two weeks of July 1993, before the plant took its vacation. That testimony was sufficient to establish "a certain fixed and definite event or occurrence from which time can be calculated." *Murich-Jarvis Co., Inc.*, 209 Ark. at 962. Judging from the fact that the employer paid for appellant's initial medical treatment based on her supervisor's referral in October, the employer appears to have reached the same conclusion in the first instance, but changed its position and denied appellant's claim after appellant's bone scan revealed that she had a fracture.

The statutory definition of an "accidental injury" found at Ark. Code Ann. § 11-9-102(5)(A)(i) (Repl. 1996), does require a worker to prove a specific incident and identify the incident by time and place of occurrence in order to establish a compensable accidental injury. I agree that whether appellant met her burden of proof based upon the correct standard was an issue for the Commission to determine as trier of fact. However, the Commission construed the requirement contained in § 11-9-102(5)(A)(i) to require evidence to the minute and hour on a date certain concerning appellant's injury. Both the language of the statute and the case law that existed long before its enactment do not support this interpretation. Therefore, I respectfully dissent.

CRABTREE, J., joins in this dissent.