Cite as 2021 Ark. App. 41

# ARKANSAS COURT OF APPEALS

DIVISION I
**No.** CV-19-720

|  |  |
|---|---|
| CORTNEY MOORE<br><br>                          APPELLANT<br><br><br>V.<br><br><br><br>BESTWAY RENT TO OWN,<br>CONTINENTAL INDEMNITY<br>COMPANY, AND ZACHARY<br>DANIEL WATERS<br><br>                          APPELLEES | **Opinion Delivered:** February 3, 2021<br><br>APPEAL FROM THE ARKANSAS<br>WORKERS' COMPENSATION<br>COMMISSION<br> [NO. G607585]<br><br><br><br>AFFIRMED |

## RAYMOND R. ABRAMSON, Judge

Cortney Moore appeals the Arkansas Workers' Compensation Commission's (Commission's) decision finding that Zachary Daniel Waters is entitled to immunity from suit pursuant to the exclusive-remedy doctrine under the Arkansas Workers' Compensation Act. On appeal, Moore argues that the Commission's decision should be reversed because (1) Waters waived his immunity, (2) substantial evidence does not support the Commission's finding that Waters is entitled to immunity under the exclusive-remedy doctrine, and (3) the exclusive-remedy doctrine deprives him of his rights under the Arkansas Constitution. We affirm.

Moore and Waters were both employees of Bestway Rent to Own (Bestway). On October 13, 2016, Waters was driving a Bestway truck with Moore as a passenger when the truck collided with an eighteen-wheeler. As a result of the accident, Moore is paralyzed.

On November 29, Moore filed a workers'-compensation claim with Bestway, and Bestway accepted the claim. On December 27, 2016, Moore filed a negligence complaint against Waters in the Pope County Circuit Court. On November 28, 2017, Waters asked the court to stay the case for a determination from the Commission on Waters's immunity pursuant to the exclusive-remedy doctrine. On December 8, 2017, the circuit court granted Waters's request.

The ALJ held a hearing on February 27, 2019, and on May 6, the ALJ entered an opinion finding that Waters is entitled to immunity under the exclusive-remedy doctrine. Specifically, the ALJ found that at the time of the accident, Waters was a co-employee of Moore and was fulfilling Bestway's nondelegable duty to provide a safe workplace. Moore appealed the ALJ's decision to the Commission. The Commission affirmed and adopted the ALJ's opinion. This appeal followed.

The standard of review in workers'-compensation cases is well settled. On appeal, this court views the evidence and all reasonable inferences therefrom in the light most favorable to the Commission's decision and affirms that decision when it is supported by substantial evidence. *Wilhelm v. Parsons*, 2016 Ark. App. 56, 481 S.W.3d 767. Substantial evidence exists only if reasonable minds could have reached the same conclusion without resort to speculation or conjecture. *Serrano v. Westrim, Inc.*, 2011 Ark. App. 771, 387 S.W.3d 292.

The exclusive-remedy doctrine under the Arkansas Workers' Compensation Act provides that the "rights and remedies granted to an employee subject to the provisions of this chapter, on account of injury or death, shall be exclusive of all other rights and remedies of the employee." Ark. Code Ann. § 11-9-105(a) (Repl. 2012). In other words, the remedies available to an employee under the Act are exclusive, and the employer will have immunity from additional suits. *Id.*; *Miller v. Enders*, 2013 Ark. 23, 425 S.W.3d 723. Our supreme court has consistently interpreted Arkansas Code Annotated section 11-9-105 to extend immunity to co-employees for actions arising from the alleged failure to provide a safe workplace because those employees are charged with the employer's nondelegable duty of providing a safe workplace. *Miller*, 2013 Ark. 23, 425 S.W.3d 723.

On appeal in this case, Moore argues that the Commission's decision should be reversed because Waters waived his immunity under the exclusive-remedy doctrine. Specifically, he claims that Waters admitted that jurisdiction and venue were proper in the Pope County Circuit Court in his initial answer to the negligence complaint and thus Waters waived his immunity.

We cannot reach the merits of Moore's waiver argument because it is not preserved for our review. In order to preserve an issue for appellate review in a workers'-compensation case, it is a party's responsibility to present the issue to the Commission and obtain a ruling. *St. Edward Mercy Med. Ctr. v. Chrisman*, 2012 Ark. App. 475, 422 S.W.3d 171. Because Moore failed to apprise the Commission of any argument pertaining to Waters's waiver of immunity or obtain any ruling on the argument, we cannot consider it on appeal.

Moore claims that he raised the waiver issue in his responses to the ALJ's prehearing questionnaire and in his reply brief in his appeal to the Commission. We disagree. In those documents, Moore discusses the waiver issue in the context of his civil case's procedural history. He did not submit the waiver issue to the ALJ, and neither the ALJ nor the Commission issued a ruling on whether Waters waived his immunity. Moreover, in making his waiver argument, Moore relies on the contents of pleadings filed in the circuit court. Those pleadings are not included in our record, and matters outside the record will not be considered on appeal. *Dodge v. Lee*, 352 Ark. 235, 100 S.W.3d 707 (2003).

Moore also argues that substantial evidence does not support the Commission's decision that Waters is immune from suit under the exclusive-remedy doctrine. He acknowledges that our supreme court has extended the exclusive-remedy doctrine to co-employees for actions arising from the alleged failure to provide a safe workplace because these employees are charged with the employer's nondelegable duty of providing a safe workplace. *See, e.g.*, *Miller*, 2013 Ark. 23, 425 S.W.3d 723; *Brown v. Finney*, 326 Ark. 691, 932 S.W.2d 769 (1996). However, he claims that the instant case is distinguishable because Bestway accepted Moore's claim as compensable and is paying all medical and indemnity benefits. He additionally asks us to overrule this supreme court precedent because it conflicts with *King v. Cardin*, 229 Ark. 929, 319 S.W.2d 214 (1959).

Moore's argument is meritless. In *Brown*, our supreme court affirmed immunity to the co-employee where the plaintiff received workers'-compensation benefits from his employer. *Brown*, 326 Ark. 691, 932 S.W.2d 769. As to Moore's request to overturn the precedent, we are powerless to overturn decisions of our supreme court. *Osborne v. Bekaert*

*Corp.*, 97 Ark. App. 147, 245 S.W.3d 185 (2006). We further point out that our supreme court declined to overturn this precedent in *Miller v. Enders*, 2013 Ark. 23, 425 S.W.3d 723.

Moore additionally claims that substantial evidence does not support the Commission's decision that Waters is entitled to immunity because the evidence shows that the accident occurred during Waters's detour to obtain food. The Commission rejected this argument because Moore stipulated in the prehearing process that he had sustained a compensable injury. A compensable injury is an "accidental injury . . . arising out of and in the course of employment." Ark. Code Ann. § 11-9-102(4)(A)(i). The Commission further found that there was no definitive testimony that Waters made a detour to purchase food. We find no error by the Commission.

Moore lastly argues that the exclusive-remedy doctrine deprives him of his rights under article 2, sections 2, 3, and 13 of the Arkansas Constitution because it prevents him from seeking certain remedies that are unavailable under workers'-compensation laws. The Commission declined to rule on this issue because Moore raised the constitutional challenge for the first time in his posthearing brief and not during the prehearing process or at the hearing. "It [is] the appellant's responsibility to obtain a ruling on this issue by the Commission," and "[a] question not passed upon below presents no question for decision here." *Goodwin v. Phillips Petroleum Co.*, 72 Ark. App. 302, 305, 37 S.W.3d 644, 647 (2001) (quoting *W.W.C. Bingo v. Zwierzynski*, 53 Ark. App. 288, 294, 921 S.W.2d 954, 958 (1996)). We have stated that "[a]ll legal and factual issues should be developed at the hearing before the administrative law judge." *Ester v. Nat'l Home Ctrs., Inc.*, 61 Ark. App. 91, 96,

967 S.W.2d 565, 568 (1998). Consequently, we cannot address the merits of Moore's constitutional challenge.

Affirmed.

VIRDEN and HIXSON, JJ., agree.

*David Hodges*, for appellant.

*Friday, Eldredge & Clark, LLP*, by: *James M. Simpson* and *Phillip M. Brick, Jr.*, for separate appellee Zachary Daniel Waters.