James BOYD *v.* DANA CORPORATION

CA 97-1539                                         966 S.W.2d 946

Court of Appeals of Arkansas
Division III
Opinion delivered May 6, 1998

[Petition for rehearing denied August 19, 1998.]

*Paul J. Teufel*, for appellant.

*Kilpatrick, Aud & Williams, L.L.P.*, by: *A. Gene Williams*, for appellee.

MARGARET MEADS, Judge. Appellant, James Boyd, appeals a decision of the Workers' Compensation Commission that denied his claim for benefits on the finding that he failed to prove by a preponderance of the evidence that his carpal tunnel syndrome was caused by rapid repetitive motion. The Commission also found that appellant failed to prove the alleged compensable injury is the major cause of his disability or need for treatment.

Boyd, a forty-six-year-old man who has diabetes, worked for appellee for sixteen years. In May 1995 he noticed numbness and tingling in his right hand. He continued to work and first reported his injury and symptoms in February 1996 after nerve conduction tests ordered by Dr. Mark Brown determined that he had bilateral carpal tunnel syndrome. Appellee recommended that appellant see the company physician, Dr. Carpenter, who concurred with Dr. Brown's diagnosis. Dr. Brown has not released appellant from treatment and has recommended surgery.

At the hearing on his claim, appellant testified that for the last sixteen years he has performed four steps to make a gear, which involve loading and operating machines. Appellant described the process as follows:

> The first thing when I come in of the morning I load the gear hobs, vertically. There's two gears that goes [sic] on the hob. And they weigh, like I said, on the average of twelve pounds apiece. And after I start the gear hob, I turn around, and the turning lathe loads horizontally. And I'll take the part out of one side of the lathe, put it on a machine that stamps a number on the part, and I'll reach into the other side of the lathe. And when I do I have to extend my hand in this manner and take the gear out. . . . And I take it out of this side of the machine and put it into the other side and chuck it into the other side of the machine. And I reach into the box where the blank gears are and load the other side of the turning lathe. And I get it loaded and get it running, and I stamp my gear on the stamper, and put it over by the hob. And then I'll go down and run the wire brush, you know, that brushes each side of the gear. And like I say, there's two gears. . . . [the motion involved is] [j]ust picking the

gear up off of the little conveyer, there, and putting it on the wire brush, and closing the door. And it brushes it and then we'll take it and flip it over and brush the other side. . . . And when I get both parts wire brushed, then by that time I got back down to the turning lathe and it's finished. And I'll do the step involved with the turning lathe, getting it going again. And at that point I'll have probably a minute and a half, you know, before the turning lathe cycles through. And then I'll get it loaded again, and by that time the gear hob is ready to be loaded, and the process starts all over again.

Appellant described his job as requiring constant movement and said he works at a fairly rapid speed. When the machine stops he has to load it quickly to get the next set of gears going. He testified further that he averages 115 to 120 gears a day and estimates he has made 280,000 gears during his career. Appellant testified further that the number of gears he does varies according to the factory production rate.

In a letter dated February 27, 1996, Dr. Brown stated that a Nerve Conduction Velocity Study showed moderate right carpal tunnel syndrome and mild left carpal tunnel syndrome, and it was his medical opinion that appellant's diagnosis is work related. On May 6, 1996, Dr. Brown wrote further that:

[Appellant's] symptoms could certainly be related to his job and that combines with the fact that he has nerve conduction velocity studies documenting carpal tunnel syndrome on the right and the fact that he has been employed at Dana for years . . . leads me to believe this is a work-related problem.

The Administrative Law Judge found that appellant proved that he sustained a gradual injury caused by rapid and repetitive motion which was the major cause of his disability or need for medical treatment. The Commission reversed the law judge, holding that appellant failed to prove he sustained a compensable rapid repetitive motion injury, and further that he failed to prove the alleged compensable injury is the major cause of his disability or need for treatment.

The Commission stated that appellant prepared one gear every 4.78 minutes with a 1.5-minute interval before beginning a new gear. It stated one gear prepared every 4.78 minutes is not

evidence of swift or quick motion, nor is it marked by a notably high rate of motion. Citing *Lay v. United Parcel Serv.*, 58 Ark. App. 35, 944 S.W.2d 867 (1997), the Commission held that movement intensive work does not rise to the level of rapid when the movements are separated by periods of delay or hesitation. In regard to the major cause requirement, the Commission held that appellant's symptoms and diagnostic findings are also associated with diabetes. It stated that "although symptoms consistent with carpal tunnel syndrome are quite commonly said to be caused by repetitive trauma, these symptoms and diagnostic findings are also associated with diabetes" and held that appellant's problems are "just as consistent with a diabetes-related neuropathy as they are with a trauma-caused carpal tunnel syndrome."

█ On appeal, appellant argues that the Commission's opinion is not supported by substantial evidence. When reviewing a decision of the Workers' Compensation Commission, we view the evidence and all reasonable inferences deducible therefrom in the light most favorable to the findings of the Commission and affirm that decision if it is supported by substantial evidence. *Clark v. Peabody Testing Serv.*, 265 Ark. 489, 579 S.W.2d 360 (1979). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Wright v. ABC Air, Inc.*, 44 Ark. App. 5, 864 S.W.2d 871 (1993). However, this standard must not totally insulate the Commission from judicial review and render this court's function in these cases meaningless. *Wade v. Mr. C. Cavenaugh's*, 25 Ark. App. 237, 756 S.W.2d 923 (1988). We will reverse a decision of the Commission when we are convinced that fair-minded persons with the same facts before them could not have reached the conclusion arrived at by the Commission. *Price v. Little Rock Packaging Co.*, 42 Ark. App. 238, 856 S.W.2d 317 (1993).

Arkansas Code Annotated Section 11-9-102 (Supp. 1997) provides:

    (5)(A) "Compensable injury" means:

      . . . .

      (ii) An injury causing internal or external physical harm to the body and arising out of and in the course of employment if it

is not caused by a specific incident or is not identifiable by time and place of occurrence, if the injury is:

(a) Caused by rapid repetitive motion. Carpal tunnel syndrome is specifically categorized as a compensable injury falling within this definition[.]

In determining that appellant's carpal tunnel syndrome was not caused by rapid repetitive motion, the Commission emphasized that appellant prepared one gear every 4.78 minutes with a 1.5 minute interval before beginning a new gear, and concluded that appellant's movement intensive work separated by a period of delay or hesitation did not rise to the level of rapid. Citing *Lay, supra,* the Commission held that appellant failed to prove his movements and motion to prepare the gear met the requirement of rapid repetitive motion. The Commission stated, "When we analyze this case with the Court of Appeals' holding in *Michael Lay v. UPS,* we find that claimant has failed to prove that his movements and motion to prepare a gear meet the requirement of rapid repetitive motion."

We do not believe that *Lay, supra,* is dispositive. In that case, the appellant asserted that his motions were rapid because he made nearly 80 deliveries per day during a ten- to eleven-hour shift. Although that appellant made up to eighty deliveries a day and briefly performed several different rapid repetitive motions, between those motions he drove to new locations, walked up to houses, and walked back to his truck. This court held that Lay's particular motions separated by periods of several minutes or more do not constitute rapid repetitive motion.

To the contrary in the instant case, the evidence is that appellant's series of repetitive motions were performed 115 to 120 times per day separated by periods of only 1.5 minutes, and we do not think that this brief interval rises to a period of "several minutes or more" as stated in *Lay.* Moreover, appellant testified that he had to load the gears "quickly," that the speed at which he worked was "fairly rapid," that there was constant movement until the gear got to the next station, and that the steps were repetitive. Based upon the evidence in this case, we do not believe fair-minded persons with the same facts before them could have reached the Commission's conclusion.

■ ■ Nor do we agree that appellant failed to satisfy the "major cause" requirement of our Workers' Compensation Law. In its opinion, the Commission stated that appellant's problems are just as consistent with a diabetes–related neuropathy as with a trauma–caused carpal tunnel syndrome. However, there is no evidence in the record from which the Commission could conclude that appellant suffered any neuropathy as a result of his diabetes, and we think that the Commission engaged in speculation in making this finding. The only evidence in the record regarding appellant's diabetes is appellant's testimony that he had been diagnosed with diabetes for approximately four years, that Dr. Brown treats his diabetes, that he takes insulin, and that his doctor has not warned him that his diabetes can cause numbness of his hands and feet. Indeed, it was Dr. Brown's medical opinion that appellant's carpal tunnel syndrome is work related. Thus, the only evidence indicated that the sole cause of appellant's carpal tunnel syndrome was his work activity. An administrative body like the Commission is not granted leeway to arbitrarily disregard the testimony of any witness, nor may it reach outside the record for facts that may or may not exist. *Wade v. Mr. C. Cavenaugh's, supra.*

■ Finally, we are somewhat disturbed by the Commission's apparent reliance on the dissent in *Kildow v. Baldwin Piano & Organ*, 58 Ark. App. 194, 948 S.W.2d 100 (1997). Regardless of whether the dissent articulated a "meaningful standard that can be used to assess the proof" in a rapid repetitive motion case, they are not at liberty to follow it. *Sitz v. State*, 23 Ark. App. 126, 128, 743 S.W.2d 18, 20 (1988).

Reversed.

ROGERS and CRABTREE, JJ., agree.