Elmer L. MAYWEATHER *v.*
MANGUM CONTRACTING, INC.

CA 00-218                                29 S.W.3d 783

Court of Appeals of Arkansas
Division I and II
Opinion delivered November 1, 2000

*Sheila F. Campbell*, for appellant.

*Barber, McCaskill, Jones & Hale, P.A.*, by: *Gail Ponder Gaines*, for appellee.

JOSEPHINE LINKER HART, Judge. Appellant, Elmer Mayweather, appeals from the Workers' Compensation Commission's decision finding that he failed to show by a preponderance of the evidence that he sustained an accidental injury arising out of and in the course of his employment with appellee, Mangum Contracting, Inc. We affirm the Commission's decision.

Our standard of review is well-settled. On appeal, we review the evidence in the light most favorable to the Commission's decision and affirm if the decision is supported by substantial evidence. *Frances v. Gaylord Container Corp.*, 341 Ark. 527, 20 S.W.3d 280 (2000). Evidence is substantial if reasonable minds could reach the same conclusion. *Id.* When the Commission denies benefits because the claimant has failed to meet his burden of proof, we affirm the Commission's decision if the decision displays a substantial basis for the denial of relief. *Id.*

To be compensable, an accidental injury must arise out of and in the course of employment. Ark. Code Ann. § 11-9-102(4)(A)(i) (Supp. 1999). Appellant testified that on September 4, 1998, a Friday, he sustained an injury to his back while lifting rebar and that the pain worsened on September 8, 1998, the Tuesday following Labor Day, when he entered the cab of a pickup truck at work and twisted his back. In support of appellant's testimony, appellant's supervisor testified about appellant reporting an injury to his back that occurred while working with rebar; however, the supervisor was unable to recall the date of appellant's report. The Commission, discounting the supervisor's testimony, found that appellant's testimony was not credible and denied benefits because it concluded that his injury did not arise out of and in the course of his employment.

The Commission relied on the testimony of the company owner, who testified that while appellant reported the September 8, 1998, incident, appellant did not report an injury on September 4, 1998, and, contrary to appellant's claim, his employees were not working with rebar that day. The owner also recalled that while reporting the September 8, 1998, incident, appellant had advised him that his back began bothering him at home on the previous Saturday. The owner also testified that appellant reported an injury on September 23, 1998, after working with rebar.

The Commission also noted that when appellant was examined by a physician on September 8, 1998, appellant failed to mention the September 4, 1998, incident in his written report of where and how the accident occurred, instead listing September 8, 1998, as the date of the accident and writing, "Well I had a small ache started Saturday. When I got into our work truck this morning I twisted it the wrong way." In a document dated October 8, 1998, appellant stated that the accident occurred on September 8, 1998, and wrote, "As I was getting up into the work truck I twisted my back in a manner where I injured my disk."

The Commission further noted that in a letter dated October 16, 1998, appellant's attending neurosurgeon reported that appellant's injury occurred "after he had been bending and picking up stainless steel pipe, metal rods and casings all day," and that "[s]hortly after completing this he went to climb into the truck when he felt the pop in his lower back." The certificate of the attending neurosurgeon, dated December 18, 1998, noted that the accident occurred September 8, 1998. In a letter dated December 28, 1998, the neurosurgeon wrote that appellant "relates his pain to a work accident that occurred several weeks ago. In the process of moving a concrete finishing machine, he felt a pop and burning type pain in his low back." In his deposition of April 21, 1999, the neurosurgeon reported that appellant twisted or wrenched his back while using a motor-driven concrete finisher and that he attributed appellant's injury to the use of the finisher.

The Commission concluded as follows:

> The evidence shows that the claimant subsequently stated that he hurt his back lifting rebar on September 4, 1998; that he twisted his back on September 8 after a small ache the previous Saturday; and that he in fact hurt his back while lifting rebar on September

23, 1998[,] rather that September 4. The claimant later said that his compensable injury arose from picking up material all day on an unspecified date, and later that the compensable injury resulted from working with a concrete finishing machine. In comparing the varied and multiple accounts of an accidental injury alleged by the claimant with the preponderance of credible evidence of record, we must find that the claimant is not credible. Therefore, we find that the claimant failed to show that he sustained an accidental injury which arose out of and in the course of his employment with the respondent-employer.

Viewing the evidence in the light most favorable to the Commission's decision, the Commission's assertion that appellant's testimony is not credible is a conclusion that reasonable minds could reach. Based on this conclusion, and particularly focusing on appellant's report that his back began hurting on Saturday, September 5, 1998, appellant failed to establish that he sustained an accidental injury that arose out of and in the course of his employment. Thus, we hold that substantial evidence supported the Commission's denial of benefits. *See Frances, supra* (reversing this court and upholding the Commission's denial of benefits where claimant reported incidences other than the accident occurring at work as the cause of his injuries).

Affirmed.

ROBBINS, C.J., and JENNINGS, CRABTREE, and MEADS, JJ., agree.

GRIFFEN, J., dissents.

WENDELL L. GRIFFEN, Judge, dissenting. I cannot agree that we must defer to the Commission's findings in this case in the face of unmistakable proof that the Commission arbitrarily disregarded appellant's supervisor's corroborating testimony about the injury in this claim. While it is the function of the Workers' Compensation Commission, and not the appellate courts, to act as fact-finder in workers' compensation cases, it is the duty of the appellate courts to reverse the Commission's decisions when convinced that fair-minded persons, with the same facts before them, could not have reached the conclusion reached by the Commission. *Moser v. Arkansas Lime Co.*, 40 Ark. App. 113, 846 S.W.2d 188 (1993). This is such a case.

Appellant began working as a concrete finisher for appellee in January 1993. He claimed that on September 4, 1998, he injured his back while picking up pieces of steel known as rebar. He testified that he "felt like a pop" after picking up the rebar, and felt numbness go down his leg. However, he also stated that the injury was "the accumulation of the day's work." He testified that on that same day, he reported the injury to his supervisor, Clarence McDaniel, who told him to report to Thomas Mangum, the owner. Appellant testified that McDaniel was present when he discussed his injury with Mangum, and that Mangum did not make a written report of the injury. He stated that Mangum told him if he got worse over the weekend to go to the emergency room. Appellant stated that he was in pain the remainder of that day, and that his back continued to hurt over the Labor Day weekend. He testified that on September 8, after he clocked into work, he twisted his back as he jumped into the company truck, and his pain subsequently worsened. He stated that he reported this injury to Mangum, who sent appellant to see Doctor James Seale, Jr., on that same day.

Mangum testified that according to his records his employees were grouting a pump on September 4 and no rebar work was done on that date. He stated that appellant first reported the injury to him on September 8 and told him that he had twisted his back and was unable to get out of the truck. Mangum stated that appellant told him his back started hurting him while he was at home the previous Saturday (September 5). He testified that he told appellant that if his back continued to bother him to come back the next day, and he could then go see Dr. Seale. Mangum could not remember if McDaniel was present during this conversation.

He maintained that appellant subsequently reported an injury from rebar work on September 23, 1998, not on September 4. He stated that his wife filled out the injury report. Mangum explained that he did not understand appellant to have indicated when he twisted his back that it occurred on the job because appellant stated that it had been bothering him since Saturday and did not indicate that his injury was work-related.

The Commission expressly found that appellant was not a credible witness, and that he failed to prove that he received an injury on September 4. The Commission asserted that appellant's

alleged September 4 injury was *uncorroborated, in light of Mangum's testimony*. Further, the Commission noted that the first medical report and the majority of the accompanying documents indicate that appellant's back began hurting on September 5. The Commission maintained that the evidence showed appellant's back began aching on Saturday; that he twisted his back on September 8, and that he subsequently stated that he injured his back on September 4 lifting rebar, when in fact he injured his back lifting rebar on September 23. The Commission further noted that the evidence showed appellant provided three different versions of how his injury occurred: he injured it on September 4 lifting rebar, he injured it on September 8 hopping into his work vehicle, and he injured it operating a concrete finishing machine. The Commission found that appellant's "varied and multiple accounts" of his injury were not credible, and found that he failed to show by a preponderance of the evidence that he sustained an accidental injury that arose out of and in the course of his employment with appellee, identifiable by time and place.

The testimony in this case does involve varied accounts about the work appellant performed and when he reported his injury. However, contrary to the Commission's finding, appellant's testimony was not uncorroborated. McDaniel, appellant's supervisor, testified that appellant told him that he injured his back, but McDaniel was unsure about the date or circumstances of his injury. He testified that he knew it was near Labor Day. He testified that he believed they "were tying up steel or messing with some." However, he also stated that "[appellant] told me that day that he twisted his back or something when he hopped up in the vehicle. Then on another occasion he said it was bothering him after he had been tying steel." McDaniel stated that Mangum told appellant if the pain got worse over the weekend to go to the emergency room, but he did not know whether Mangum filled out any paperwork. He testified that he was not present on September 8 when Mr. Mayweather hurt his back in the truck, but he returned to work later that same day. McDaniel stated:

> In September of '98 the first time he had a complaint we were all out on the yard tying steel. That was the first complaint he had about his back and that is the time I told him to report to Mr. Mangum. I believe it was during this same day that I heard the

conversation about, "Go to the emergency room if you have to go on the weekend."

The only way the Commission could have concluded that appellant's testimony was uncorroborated was by disregarding the testimony from McDaniel.

It is true that appellant's testimony conflicts with Mangum's and that the documentation providing a date of injury lists the accident date as September 8, not September 4. However, the Commission arbitrarily disregarded McDaniel's testimony when it stated that appellant's testimony is uncorroborated and made only one reference to McDaniel's testimony: "Clarence McDaniel, the claimant's supervisor, also testified regarding an injury the claimant reported while tying steel. Mr. McDaniel testified that the claimant told him he had injured his back, but he was unsure of the date or circumstances under which the claimant's back had been hurt." McDaniel's testimony plainly did not end there. McDaniel testified that he knew it was near Labor Day when appellant *first* reported an injury to him. He also testified that he believed the employees "were tying up steel or messing with some." However, he also stated that "[appellant] told me that day that he twisted his back or something when he hopped up in the vehicle. Then on another occasion he said it was bothering him after he had been tying steel." McDaniel confirmed that Mangum told appellant if the pain got worse *over the weekend* to go to the emergency room. That testimony was very crucial. September 4 was the Friday before Labor Day; September 8 was the Tuesday following Labor Day. Further, *McDaniel testified that he was not present on September the 8, when Mr. Mayweather hurt his back in the truck.* He stated:

> In September of '98 *the first time he had a complaint we were all out on the yard tying steel.* That was the first complaint he had about his back and that is the time I told him to report to Mr. Mangum. I believe it was during this same day that I heard the conversation about, "Go to the emergency room if you have to go on the weekend."

(Emphasis added.)

Thus, McDaniel's testimony plainly corroborates appellant's assertion that he first reported his injury from lifting rebar before the Labor Day weekend. While it is the exclusive function of the

Commission to determine witness credibility and resolve conflict-
ing testimony, the Commission is not granted leeway to arbitrarily
disregard the testimony of any witness. *See Patterson v. Frito Lay, Inc.,*
66 Ark. App. 159, 992 S.W.2d 130 (1999); *Boyd v. Dana Corp.,* 62
Ark. App. 78, 966 S.W.2d 946 (1998). In this case the Commission
arbitrarily disregarded testimony that directly supported the appel-
lant's claim. That arbitrary disregard of testimony produced a biased
fact-finding that we have no duty to disregard and a plain duty to
overturn.

Obviously, both Mangum and appellant gave self-serving testi-
mony. Appellant had an interest in receiving workers' compensation
benefits; Mangum, a self-insured employer, obviously was moti-
vated to avoid liability for benefits. By contrast, McDaniel's testi-
mony was not self-serving and corroborated appellant's account.
The Commission made no finding that McDaniel was not credible.
In fact, McDaniel was the only impartial witness in the case.
McDaniel's testimony corroborated appellant's account and directly
contradicted Mangum's testimony. The Commission's disregard of
McDaniel's testimony evidences a disquieting yet clear bias in favor
of the employer. Given that McDaniel was a supervisor whose
testimony corroborated that of appellant and constituted the only
testimony from someone without a financial stake in the claim, the
Commission's wholesale disregard of his testimony constitutes a
flagrant breach of its duty to weigh evidence impartially without
according any party the benefit of the doubt. *See* Ark. Code Ann. §
11-9-704(c)(4) (Repl. 1996).

Appellate deference to the Commission in its role as trier of
fact does not oblige us to slavishly affirm decisions based on biased
fact-finding where the record plainly shows that the Commission
has arbitrarily disregarded direct and unimpeached proof about a
dispositive factual issue. What was true thousands of years ago holds
true today: those who decide legal disputes must be even-handed.[1]
Society will understand and forgive imperfect legal outcomes by
fair-minded decision makers. But no system of law can or should

---

[1] "You shall do no injustice in judgment; you shall not be partial to the poor nor
defer to the great, but you are to judge your neighbor fairly." *Leviticus* 19:15 (*New American
Standard Version*). Six thousand years of human experience has not lessened the truth of this
command; rather, our experience has validated it.

endure when people lose faith in the commitment of those who judge to be fair.

I respectfully dissent.