WASHINGTON REGIONAL MEDICAL CENTER
MANAGEMENT SERVICES, INC.;
Northwest Arkansas Rehabilitation Hospital;
Healthsouth Corporation;
Cigna Insurance Company *v.* Janice SMITH

CA 01-362                          58 S.W.3d 858

Court of Appeals of Arkansas
Division III
Opinion delivered October 17, 2001

*Bassett Law Firm*, by: *Tod C. Bassett* and *Nicole W. Fowler*, for appellant Washington Regional Medical Center.

*Ledbetter, Cogbill, Arnold & Harrison, LLP*, by: *E. Diane Graham*, for appellant Healthsouth Corporation.

*Law Offices of James F. Swindoll*, by: *Pamela D. Gilbert*, for appellee.

K AREN R. BAKER, Judge. There are three appellants in this case, Washington Regional Medical Center (WRMC), Northwest Arkansas Rehabilitation Hospital (NARH), and Healthsouth Corporation (HC). Appellant, WRMC, appeals the decision of the Workers' Compensation Commission. The Administrative Law Judge (ALJ) held that appellants WRMC and NARH were equally liable for appellee's compensable injury and that appellant HC was not liable for appellee's injury. The Commission affirmed the ALJ's decision. On appeal, appellant WRMC argues that the Commission's award of benefits apportioned equally between appellants WRMC and NARH was incorrect as a matter of law and not supported by substantial evidence. Appellant HC argues that there was substantial evidence to support the Commission's decision, as does the appellee. However, appellant NARH failed to submit a brief. We reverse.

Appellee, Janice Smith, is a registered nurse. In May 1990, she became employed by WRMC as a staff nurse. Up until May 1994, appellee worked more than forty hours a week for WRMC. In May 1994, appellee began working for NARH full time. Appellee remained employed with WRMC; however, her hours were reduced to twenty to thirty hours per week. In May 1997, appellee terminated her employment with WRMC. On November 1, 1997, HC purchased NARH. Appellee worked for HC only one day on November 3, 1997; she was terminated by HC on November 11, 1997. During appellee's employment with WRMC and NARH, appellee was required to wear latex gloves.

Appellee testified that around February or March 1997, she began to have symptoms such as shortness of breath, nausea, chest pains, and she would become diaphoretic. Appellee saw Dr. Laura Koehn, who diagnosed her with severe latex sensitivity after testing

showed appellee to have a high reaction to latex. Dr. Koehn testified that appellee had a previous asthma condition that was worsened by the latex exposure, among other things. In her opinion, the latex exposure broke down any resistance appellee had. Dr. Koehn testified that appellee had been forced to make several trips to the emergency room due to anaphylactic reactions from the latex while at work.

The ALJ found that appellee had proven by clear and convincing evidence that her latex sensitivity was causally related to her employment with WRMC and NARH, and liability was to be apportioned equally between WRMC and NARH. The Commission affirmed, and this appeal followed.

When reviewing a decision of the Workers' Compensation Commission, we must view the evidence and all reasonable inferences deducible therefrom in the light most favorable to the findings of the Commission and affirm that decision if it is supported by substantial evidence. *Quality Serv. Railcar v. Williams*, 36 Ark. App. 29, 820 S.W.2d 278 (1991) (citing *Clark v. Peabody Testing Serv.*, 265 Ark. 489, 579 S.W.2d 360 (1979)). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Boyd v. Dana Corp.*, 62 Ark. App. 78, 966 S.W.2d 946 (1998). The issue is not whether we might have reached a different result or whether the evidence would have supported a contrary finding. *Id.* (citing *Bearden Lumber Co. v. Bond*, 7 Ark. App. 65, 644 S.W.2d 321 (1983)).

The simple issue in this case is: When was appellee last injuriously exposed? WRMC specifically argues that it was not the site of the "last injurious exposure," and thus is not the party responsible for appellee's medical expenses and benefits. We agree. Arkansas Code Annotated section 11-9-601(f)(1) (Repl. 1996) states that, "[w]here compensation is payable for an occupational disease, the employer in whose employment the employee was *last injuriously exposed* to the hazards of the disease and the carrier, if any, on the risk when the employee was last injuriously exposed under the employer, shall be liable." (emphasis added). WRMC cites *Employers Liability Assurance Corp. v. Employers Mut. Liab. Ins. Co.*, 232 Ark. 113, 334 S.W.2d 701 (1960), in support of its argument. In that case, our supreme court stated that "[m]ost authorities seem to agree that the date which determines liability is not the date when the symptoms of the disease first appear but rather the date when some kind of disablement (such as cessation from work) occurs." *Id.* at 116, 334 S.W.2d at 703. The court in that case

concluded that although the employee's dermatitis appeared during the period insured by the previous carrier, the second carrier was held liable because the permanent disability did not occur until the second carrier was on the risk. *Id.* at 118, 334 S.W.2d at 704.

Appellee testified that she began having symptoms in February or March of 1997. On May 8, 1997, appellee terminated her part-time work for WRMC; therefore, she was not exposed to latex at WRMC's place of business after May 8, 1997. It was not until May 22, 1997, that Dr. Koehn tested appellee for latex sensitivity; it was not until November 1997, when she was terminated by HC that she left the workplace altogether. Appellee testified that by November 3, 1997, she had filed for long-term disability benefits because her condition had gotten so severe that she was unable to continue working. Nonetheless, appellee was exposed to latex up until November 1997. Because the Commission erred in its interpretation of Arkansas Code Annotated section 11-9-601(f)(1), we hold that there is insufficient evidence to support the Commission's apportionment of liability in this case. We remand this case to the Commission for findings as to where appellee was "last injuriously exposed" to latex considering the factor of when her disablement occurred, so as to assign liability.

Reversed and remanded.

ROBBINS and ROAF, JJ., agree.